Zurich Am. Ins. Co. v Insurance Co. of the State of Pa. (2022 NY Slip Op 05822)

Zurich Am. Ins. Co. v Insurance Co. of the State of Pa.

2022 NY Slip Op 05822

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Kennedy, Mendez, JJ. 

Index No. 650113/18 Appeal No. 16462 Case No. 2021-04187 

[*1]Zurich American Insurance Company, Plaintiff-Appellant,
v
The Insurance Company of the State of Pennsylvania, Defendant-Respondent.

Coughlin Midlige & Garland LLP, New York (Adam M. Smith of counsel), for appellant.
Barclay Damon LLP, Buffalo (Kevin D. Szczepanski of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered May 19, 2021, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Applying the Pavia framework, the motion court properly determined that defendant primary insurer did not grossly disregard plaintiff excess insurer's interests in defending against and attempting to settle the underlying action (Pavia v State Farm Mut. Auto. Ins. Co. , 82 NY2d 445, 453 [1993]). An excess insurer will not prevail on a bad faith claim based upon a failure to settle unless it proves that the primary insurer showed a "gross disregard" for the excess insurer's interests by displaying a "deliberate or reckless failure to place on equal footing the interests of its insured [and the excess insurer] with its own interests when considering a settlement offer" (Pavia , 82 NY2d at 453).
The record here does not support plaintiff's claim of bad faith (see id. at 454-455). Given the significant questions relating to causation and damages, the record shows that the excess verdict was objectively improbable, a conclusion that is bolstered by the fact that no one — including plaintiff — expected the verdict to exceed the primary policy limit. Regardless, defendant worked consistently to settle the case in a reasonable manner, making a total of six settlement offers, including four during the trial. Defendant was under no obligation to accept the $900,000 offer despite the fact that it fell within the policy limits, as an insurer cannot be compelled to settle a questionable claim simply because an opportunity to do so presents itself (Pavia , 82 NY2d at 454).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022